UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JOSE GARCIA,                                        :
                  Petitioner,              :

                                :

v.                                                  :

                                :

MARKL BRADT,                                        :
                  Respondent.            :
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #:
DATE FILED: 7/23/12

**MEMORANDUM DECISION**

09 CV 7941 (VB)

Briccetti, J.:

       Now pending before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("R&R"), dated January 24, 2012 (Doc. #26), on petitioner Jose Garcia's petition for a writ of habeas corpus. (Doc. #2). Judge Davison recommended that the Court deny the petition. For the following reasons, the Court adopts the R&R as the opinion of the Court. The petition is denied and dismissed. The Court presumes familiarity with the factual and procedural background of this case.

I.    Standard of Review

       A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the recommended ruling, but they must be "specific" and "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); see Fed. R. Civ. P. 72(b)(3) ("The district judge

may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. UPS, Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

The objections of parties appearing pro se are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." Milano v. Astrue, 2008 U.S. Dist. LEXIS 74488, at *3-4 (S.D.N.Y. Sept. 26, 2008).[1] "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Pinkney v. Progressive Home Health Servs., 2008 U.S. Dist. LEXIS 55034, at *1 (S.D.N.Y. July 21, 2008).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner is entitled to habeas corpus relief only if he can show "the state court 'unreasonably' applied law as established by the Supreme Court in ruling on petitioner's claim, or made a decision that was 'contrary to' it." Cousin v. Bennett, 511 F.3d 334, 337 (2d Cir. 2008) (quoting 28 U.S.C. § 2254(d)(1)). The state court's determination of factual issues is presumed correct, and petitioner

---

[1] Plaintiff will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

II.    Petitioner's Objections

Petitioner objects to the R&R on four grounds: (1) the magistrate judge failed to analyze the totality of the circumstances, specifically that petitioner was shackled during jury selection, in determining the merits of petitioner's right to be present claim; (2) the magistrate judge incorrectly found no violation of petitioner's right to counsel when the trial court denied his request to be appointed a Spanish-speaking attorney; (3) the magistrate judge incorrectly found no violation of the Equal Protection Clause when the trial court refused to provide petitioner with either a Spanish-speaking attorney or an attorney of the same national origin; and (4) the Supreme Court's decision in United States v. Jones, 132 S.Ct. 945 (2012), necessitates a de novo review of petitioner's Fourth Amendment claim.

III.    Petitioner's Right to be Present Claim

Petitioner asserts the R&R failed to consider the totality of circumstances in denying his right to be present claim.  Specifically, petitioner alleges the R&R failed to address the underlying, or "but for,"[2] cause of his removal from the courtroom: the state court's alleged shackling of petitioner during jury selection.  (Petitioner's Objection, at 3.)  Petitioner's new claim is that the state court's shackling of petitioner is contrary to the Supreme Court's holding in Deck v. Missouri, 544 U.S. 622 (2007), and, consequently, the Court should conduct a de novo review of petitioner's right to be present claim.

_____

[2] See Petitioner's Objection to Report and Recommendation ("Petitioner's Objection"), at 5 (Doc. #31).

3

To the extent petitioner seeks to assert a new claim, it is barred by the exhaustion requirement. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see 28 U.S.C. § 2254(b)(1). Absent a showing of either "cause for the procedural default and prejudice attributable thereto," Harris v. Reed, 489 U.S. 255, 262 (1989), or "actual innocence," Schlup v. Delo, 513 U.S. 298 (1995), petitioner's unexhausted claim is unreviewable by a federal court. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000). "It is well established that where an appeal was taken from conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those that could have been presented but were not are deemed waived." Teague v. Lane, 489 U.S. 288, 297 (1989) (quoting People v. Gaines, 105 Ill.2d 79, 87-88 (1984), cert. denied 471 U.S. 1131 (1985)). Petitioner did not raise, and the state appellate courts did not have the opportunity to review,[3] petitioner's "unnecessary shackling" claim, and, therefore, the Court is barred from reviewing the merits of this claim. See Holmes v. Bartlett, 801 F.Supp. 550, 554 (S.D.N.Y. 1993).

Furthermore, this argument was not included in the petition, nor did petitioner move to amend his petition. When a petitioner fails to raise a claim in his original petition and has not sought leave to amend the petition to assert such a claim, the claim is not properly before the district court and provides no basis for challenging the magistrate judge's proposed findings on the claims raised in the petition. Nelson v. Smith, 618 F.Supp. 1186, 1191 n.5 (S.D.N.Y. 1985). "If the Court were to consider formally these untimely contentions, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a report is issued to advance additional arguments." Abu-Nassar v. Elders Futures, 1994 U.S. Dist. LEXIS

---

[3] See People v. Garcia, 869 N.Y.S.2d 618 (2d Dep't 2008).

4

11470 at *4 n.2 (S.D.N.Y. Aug. 17, 1994). Therefore, for this reason as well, the Court rejects petitioner's new claim concerning the alleged violation of <u>Deck v. Missouri</u>.

Stripped of the newly added, but unreviewable, <u>Deck v. Missouri</u> claim, petitioner's first objection to the R&R merely reiterates petitioner's earlier arguments, and is otherwise general and conclusory. Thus, the Court reviews the R&R for clear error. <u>Pinkney v. Progressive Home Health Servs.</u>, 2008 U.S. Dist. LEXIS 55034, at *1 (S.D.N.Y. July 21, 2008).

The Court has reviewed Judge Davison's thorough and well-reasoned R&R and finds no clear error.

IV.    <u>Petitioner's Sixth Amendment Right to Counsel Claim</u>

Petitioner repeats his <u>Deck v. Missouri</u> claim, arguing the R&R failed to consider the totality of the circumstances surrounding his Sixth Amendment right to counsel claim. Again, petitioner asserts the R&R failed to address the state court's shackling of petitioner during the criminal proceedings. For the aforementioned reasons, the Court will not entertain this claim.

Stripped of the newly added, but unreviewable, <u>Deck v. Missouri</u> claim, petitioner's objection to the R&R merely reiterates petitioner's earlier arguments, and is otherwise general and conclusory. The Court has reviewed Judge Davison's thorough and well-reasoned R&R and finds no clear error.

V.    <u>Petitioner's Equal Protection Claim</u>

Petitioner's next contention is that even if he was not denied his Sixth Amendment right to effective counsel, the government nonetheless violated the Equal Protection Clause by failing to provide him with counsel that was either of the same national origin or fluent in Spanish. As an initial matter, the record does not affirmatively demonstrate that petitioner raised this claim on

appeal in the state courts.  Furthermore, petitioner's Equal Protection claim does not appear on the face of his original petition.  To the extent that petitioner failed to properly preserve this argument, the Court is barred from reaching a decision on the merits.

Even if petitioner's claim is properly before the Court, petitioner's argument that the state court violated the Equal Protection Clause by failing to provide petitioner with a Spanish-speaking attorney is without merit.  The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  To state such a claim, petitioner must allege specific examples of others similarly situated who were treated more favorably.  Ruston v. Town Board for Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010).

Assuming petitioner is a member of a suspect class on the basis of his race and nationality, Graham v. Richardson, 403 U.S. 354, 371-72 (1971), petitioner has nonetheless failed to demonstrate that other criminal defendants were treated more favorably on the basis of race or nationality.  Petitioner has not given a single example of a situation where a court has appointed counsel based on the compatibility of language or race between defendant and attorney.  Instead, petitioner's argument seems to be that English-speaking defendants enjoy same-language-speaking counsel while non-English-speaking defendants do not.  Even if the Court were to assume the truth of petitioner's unsupported assertion, petitioner has still failed to demonstrate a violation of the Equal Protection Clause.

A facially neutral policy, such as refusing to re-assign counsel based on language or race considerations, runs afoul of the Equal Protection Clause "only if it can be proved that the law was motivated by a racial purpose or object, or if it is unexplainable on grounds other than race."

Hunt v. Cromartie, 526 U.S. 541, 546 (1999).  Petitioner contends the state's failure to provide

him with Spanish-speaking counsel demonstrates the state's discriminatory intent.  While

petitioner does have a right to counsel, "the right to counsel of choice does not extend to

defendants who require counsel to be appointed for them."  United States v. Gonzalez-Lopez,

548 U.S. 140, 151 (2006).  Contrary to petitioner's contentions, the fact that the state assigned

petitioner an English-speaking attorney does not demonstrate unequal treatment or

discriminatory intent.  Petitioner has made no showing that the policy was motivated by a

discriminatory purpose, and petitioner cannot plausibly contend that the policy is "unexplainable

on grounds other than race."  See Hunt v. Cromartie, 526 U.S. at 546.  Indeed, a case cited by

petitioner in his objection demonstrates the futility of this argument.  See Carmona v. Sheffield,

475 F.2d 738, 739 (9th Cir. 1973) ("Giving notice in English to these appellants is not a denial of

equal protection.  Even if we assume that this case involves some classification by the state, the

choice of California to deal only in English has a reasonable basis.")

Simply put, the petitioner's conclusory assertion that the state court violated the Equal

Protection Clause by failing to provide petitioner with a Spanish-speaking attorney is without

merit.

For the foregoing reasons, petitioner's objection to that aspect of the R&R is overruled.

VI.   Petitioner's Fourth Amendment Claim

Petitioner objects to the R&R's application of the Stone v. Powell doctrine to bar federal

habeas review of petitioner's Fourth Amendment claim.  Petitioner merely reiterates his previous

argument that an unconscionable breakdown in the state court proceeding precluded a full and

fair opportunity to litigate his Fourth Amendment claims.  However, as stated in the R&R,

petitioner raised his Fourth Amendment claims through pretrial motion, on direct appeal, and through a post-conviction motion. The petitioner's "mere dissatisfaction or disagreement with the outcome of a suppression motion is not sufficient to establish that an 'unconscionable breakdown' occurred in the existing process in violation of the petitioner's Fourth Amendment rights under the Constitution." Cook v. Donnelly, 2009 WL 909637, at *5 (W.D.N.Y. Mar. 31, 2009). The Court has reviewed the R&R for clear error on this point, and has found none.

Petitioner also objects to the R&R's denial of his Fourth Amendment claim on the grounds that the R&R did not incorporate the Supreme Court's holding in United States v. Jones, 132 S.Ct. 945 (2012). Specifically, petitioner argues that because Jones was decided subsequent to the issuance of the R&R, petitioner is entitled to de novo review and retroactive application of Jones to his Fourth Amendment claim.

Despite his assertions to the contrary, petitioner is simply not entitled to the retroactive application of Jones to his case. In Teague v. Lane, 489 U.S. 288 (1989), the Supreme Court unequivocally held that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." Id. at 310. Teague provided for an exception to the general rule in two situations: (1) if the new rule places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" and (2) if the new rule "alter[s] our understanding of the bedrock procedural elements that must be found to vitiate the fairness of a particular conviction." Id. at 311 (internal quotations omitted). "Bedrock procedural elements" are those rules that are "central to an accurate determination of innocence or guilt." Id. at 313.

8

Petitioner's case became final in 2009 when the New York Court of Appeals denied leave to appeal.  People v. Garcia, 12 N.Y.3d 816 (2009).  The Supreme Court decided Jones in 2012.  United States v. Jones, 132 S.Ct. 945 (2012).  Accordingly, petitioner is not entitled to retroactive application unless the Jones rule falls within one of the two exceptions enumerated in Teague.  The first exception—that a new rule should be applied retroactively if it places primary, private conduct outside the scope of criminal regulation—is not relevant here.  The Jones rule— requiring police to have a warrant prior to attaching a GPS unit to a suspect's vehicle—does not render any primary, private conduct outside the scope of the police power.  The second exception—that a new rule should be applied retroactively if it alters a "bedrock procedural element that must be found to vitiate the fairness of a particular conviction"—is also inapplicable to the Jones rule.  Simply put, the warrant requirement for police GPS tracking is not "central to an accurate determination of innocence or guilt."

Even if petitioner was entitled to retroactive application of the Jones rule, this Court is still unable to find any constitutional violation.  In United States v. Jones, the Supreme Court held that the installation of a GPS unit on an individual's vehicle constituted a "search" under the Fourth Amendment.  United States v. Jones, 132 S.Ct. 945, 955 (2012).  The Supreme Court carefully delineated the bounds of its holding, however, stating "[i]t is important to be clear about what occurred in this case: The Government physically occupied private property for the purpose of obtaining evidence."  Id. at 949.  In the instant case, however, there was no such physical occupation of petitioner's property.  Instead, petitioner contends that police monitored petitioner's movements through his cell phone usage in excess of the wire-tap warrant.

As an initial matter, the Court has reviewed the record and has been unable to find any indication that the government affirmatively tracked petitioner's movements via wire-tap. However, assuming _arguendo_ the truth of petitioner's allegation, the fact that police are able to monitor a cell phone's location pursuant to a wire-tap warrant does not transform an otherwise valid monitoring effort into an illegal search.  <u>See</u> <u>People v. Hall</u>, 926 N.Y.S.2d 514, 516 (1st Dep't 2011) ("Even if a cell phone could be considered a 'tracking device' . . . to the extent that it permits the tracking of movement, the People are not thereby precluded from obtaining CSLI [cell site location information] . . . .  Although [New York law] requires the police to obtain a warrant supported by probable cause for the installation of a global positioning system [GPS] device, it does not address the matter of CSLI records.")  Simply put, even assuming the truth of petitioner's allegations, petitioner has failed to demonstrate that police overstepped the bounds of the valid wire-tap warrant, or otherwise ran afoul of the Fourth Amendment as construed in <u>Jones</u>.

Thus, for the foregoing reasons, petitioner's objections to the R&R's denial of his Fourth Amendment claim are overruled.

## CONCLUSION

Upon the appropriate review of the record, the Court finds Magistrate Judge Davison's R&R to be a clear and proper statement and application of the law.  The Court therefore adopts the R&R as its decision, and the petition is denied and dismissed.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Love v. McCray</u>, 413 F.3d 192, 195 (2d Cir. 2005); <u>Lozada v. United States</u>, 107 F.3d 1011, 1017 (2d Cir. 1997), <u>abrogated on other grounds by</u> <u>United States v. Perez</u>, 129 F.3d 255, 259-60 (2d Cir. 1997).  The Court also finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this ruling would not be taken in good faith.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).

The Clerk of the Court is instructed to close this case.

Dated: July 23, 2012
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti